**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**RAYMOND JOHNSON,
D.O.C. # 421558,**

    **Plaintiff,**

**vs.**                                          **Case No. 4:10cv258-SPM/WCS**

**C. SIMCOX, et al.,**

    **Defendants.**

                                    **/**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a motion for *in forma pauperis* status, doc. 2. I have reviewed Plaintiff's complaint and the motion.

In the complaint, Plaintiff makes the statement that he "has supplied the court with what he beleives [sic] to be a complete listting [sic] of all cases filed in the federal courts, but by no means should this constitutes [sic] a full listing." Doc. 1, p. 6. Plaintiff's statement is insufficient to save him from sanctions for failing to provide a full and honest listing of his prior cases. While Plaintiff acknowledges fourteen prior cases, Plaintiff fails to disclose case 4:09cv367 which he initiated in this court last year. That

case was before me and I entered an report and recommendation recommending dismissal under 28 U.S.C. § 1915(e) because Plaintiff did not fully disclose all his prior cases. Plaintiff provided the same statement in that case as he did here, attempting to absolve himself of his obligation to accurately report his prior litigation.[1]

In case, 4:09cv367, I pointed out three cases which Plaintiff failed to disclose in which Plaintiff was barred from preceding *in forma pauperis* in the federal courts. Plaintiff now discloses those three cases I cited to him in the report and recommendation entered in case 4:09cv367.[2] *See* doc. 1, p. 6. Plaintiff lists the following three cases and states: 5:02cv343 was "dismissed as barred;" case 1:01cv4001 was "dismissed" and he states case 1:01cv4923 was "dismissed as barred." Doc. 1, p. 6. Plaintiff fails to fully disclose, however, that case 5:02cv343 was "dismissed as barred" under 28 U.S.C. § 1915(g); case 1:01cv4001 was dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim; and case 1:01cv4923 was dismissed as barred under 28 U.S.C. § 1915(g). Those three cases, along with case 4:09cv367 which was dismissed solely on the basis that Plaintiff did not completely and accurately disclosed all prior cases, reveal that Plaintiff is not entitled to proceed in this Court with *in forma pauperis* status as Plaintiff is fully aware. *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (permitting a case to be dismissed with a "strike" for failing to truthfully or completely disclose prior lawsuits).

---

[1] Plaintiff wrote: "Petitioner has supplied the Court with what he believes to be a complete listting [sic] of all cases filed in the federal courts, but by no means should this constitutes [sic] a full listing." Doc. 1, p. 9.

[2] The report and recommendation was adopted, doc. 21, and the case was dismissed on March 22, 2010.

Plaintiff's "notice" that his listing may not be correct is insufficient to warrant continuing this case. It is Plaintiff's obligation and responsibility to keep a correct listing of cases, the reason for dismissal and the like. It is not the Court's duty to do so for Plaintiff. Furthermore, Plaintiff fails to honestly and completely disclose that his cases were dismissed as barred under 28 U.S.C. § 1915(g). Plaintiff's motion for *in forma pauperis* status, doc. 2, must be denied.

Plaintiff in this case complains about medical care. Plaintiff is not under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Accordingly, he is not entitled to *in forma pauperis* status, and Plaintiff is well aware of that fact. Section 1915(g) does not bar Plaintiff from filing civil actions; it merely prohibits him from enjoying *in forma pauperis* status. Plaintiff "still has the right to file suits if he pays the full filing fees in advance, just like everyone else." Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997); *see also*, Lyon v. Krol, 127 F.3d 763, 765 (8th Cir. 1997); Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997); Newlin v. Helman, 123 F.3d 429, 434-36 (7th Cir. 1997). If Plaintiff desire to re-file this action, Plaintiff must pay the $350.00 filing fee.

**RECOMMENDATION**

It is therefore, respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED**, and this case be **DISMISSED** as barred by 28 U.S.C. § 1915(g), and because Plaintiff failed to honestly disclose all prior cases, and

the **ORDER** granting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 14, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**